IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DON YORK, BEVERLY YORK, JACOB STRADLING, ALISHA YORK-STRADLING, JACK HARVEY, and JUDY HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHROP GRUMMAN GUIDANCE AND ELECTRONICS COMPANY, INC., NORTHROP GRUMMAN CORPORATION, and NORTHROP GRUMMAN MISSION SYSTEMS,<br><br>Defendants. | Case No. 6:21-cv-03251-BP<br><br>**ORAL ARGUMENT REQUESTED FOR RECENT LAW SCHOOL GRADUATE** |

**DEFENDANTS NORTHROP GRUMMAN GUIDANCE AND ELECTRONICS COMPANY, INC., NORTHROP GRUMMAN CORPORATION, AND NORTHROP GRUMMAN MISSION SYSTEMS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Defendants Northrop Grumman Guidance and Electronics Company, Inc., Northrop Grumman Corporation, and Northrop Grumman Mission Systems (together "Northrop Grumman")[1] respectfully move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiffs' First Amended Complaint in its entirety, with prejudice. In light of the numerous issues involved, and pursuant to this Court's Order Setting Deadlines, Doc. 9 at 3, Defendants respectfully request oral argument to address any questions this Court may have regarding the bases for this Motion, and certify that the argument will be presented by a lawyer who graduated from law school within six years prior to the motion being filed.

---

[1] Defendants have advised Plaintiffs that Northrop Grumman Mission Systems is merely a division of Northrop Grumman Guidance and Electronics Company, Inc. and is not a separate legal entity that can be a defendant here.

1

As set forth in the accompanying suggestions in support, federal law preempts Plaintiffs' claims in their entirety because they seek to use state tort law to challenge Defendants' remedial actions taken pursuant to a binding federal Consent Decree that was entered under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). *Bartlett v. Honeywell Int'l, Inc.*, 260 F. Supp. 3d 231, 243 (N.D.N.Y. 2017), *aff'd*, 737 F. App'x 543 (2d Cir. 2018). Furthermore, Plaintiffs' request for an injunction fails because the First Amended Complaint lacks any factual specificity as to what injunctive relief is actually sought. Finally, Plaintiffs' standalone claim for "preliminary and permanent injunction" fails as a matter of law, because no such cause of action exists under Missouri law. *See, e.g.*, *Henke v. Arco Midcon, LLC*, 750 F. Supp. 2d 1052, 1059–60 (E.D. Mo. 2010). Therefore, the Court should dismiss the First Amended Complaint, in whole, pursuant to Rule 12(b)(6).

Dated: January 10, 2022

Respectfully submitted,

*/s/* Patrick W. Dennis

**BRYAN CAVE LEIGHTON PAISNER LLP**
Randy J. Soriano, #54058
Erin L. Brooks, #62764
Peter W. Bay, #67403
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 552-8384
rjsoriano@bclplaw.com
erin.brooks@bclplaw.com
peter.bay@bclplaw.com

-and-

Robert M. Thompson, #38156
1200 Main Street, Suite 3800
Kansas City, MO 64105
Telephone: (816) 374-3200
Fax: (816) 855-3249
rmthompson@bclplaw.com

-and-

**GIBSON, DUNN & CRUTCHER LLP**
Patrick W. Dennis, admitted *pro hac vice*
Christopher Chorba, admitted *pro hac vice*
Abbey Hudson, admitted *pro hac vice*
Joseph Edmonds, admitted *pro hac vice*
Katie Henderson, admitted *pro hac vice*
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
pdennis@gibsondunn.com
cchorba@gibsondunn.com
ahudson@gibsondunn.com
jedmonds@gibsondunn.com
khenderson@gibsondunn.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on January 10, 2022, a true and correct copy of the foregoing document was filed with the Clerk of Court via CM/ECF and served on counsel for Plaintiffs through the Notice of Electronic Filing.

*/s/ Patrick W. Dennis*
Attorney for Defendants
