**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DON YORK, BEVERLY YORK, JACOB STRADLING, ALISHA YORK-STRADLING, JACK HARVEY, and JUDY HARVEY, | ) ) ) ) ) | Case No: 21-03251-CV-S-BP |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| NORTHROP GRUMMAN GUIDANCE AND ELECTRONICS COMPANY INC., NORTHROP GRUMMAN CORPORATION, and NORTHROP GRUMMAN MISSION SYSTEMS, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## CONSENT MOTION TO STAY DEADLINES PENDING RESOLUTION OF
## PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants Northrop Grumman Guidance and Electronics Company, Inc., Northrop Grumman Corporation, and Northrop Grumman Mission Systems ("Defendants") and Plaintiffs Don York, Beverly York, Jacob Stradling, Alisha York-Stradling, Jack Harvey, and Judy Harvey ("Plaintiffs") (collectively, the "Parties") hereby move for an order staying all future deadlines in the Court's December 22, 2021 Scheduling Order Phase I: Class Certification (Doc. 26). In support, the Parties state as follows:

1.      On September 29, 2021, Plaintiffs filed their original Complaint in this action (Doc. 1).

2.      On December 7, 2021, Plaintiffs filed a First Amended Complaint (Doc. 20).

3.      On December 14, 2021, the Parties filed a Joint Proposed Scheduling Order and Discovery Plan (Doc. 24).

1

4. On December 22, 2021, the Court issued a Scheduling Order (Doc. 26) and issued the following deadlines: Plaintiffs must designate their experts in support of their motion for class certification by October 3, 2022; Defendants must designate their experts in opposition to the motion for class certification by November 7, 2022; Plaintiffs must designate rebuttal experts for class certification by December 5, 2022; Plaintiffs' motion for conditional certification of a collective and/or class action must be certified by December 5, 2022; Defendants' response to Plaintiffs' motion to certify a class must be filed by April 14, 2023; and Plaintiffs' reply must be filed by July 31, 2023.

5. On January 10, 2022, Defendants filed a motion to dismiss the First Amended Complaint (Doc. 28) and a motion to strike class allegations (Doc. 27).[1] Both motions were fully briefed by February 28, 2022 (see Doc. 31, 32).

6. On May 18, 2022, the Court granted Defendants' motion to dismiss the First Amended Complaint and dismissed the First Amended Complaint in its entirety, denied the motion to strike class allegations as moot, and granted leave for Plaintiffs to "file a Second Amended Complaint that (1) asserts a claim predicated on Defendants' failure to disclose facts in 2004 and (2) omits the claims that have been dismissed by this Order (along with any factual allegations that are germane only to the dismissed claims)" (Doc. 43 at 16).

7. On June 1, 2022, Plaintiffs filed a Second Amended Complaint (Doc. 44).

8. Defendants intend to file a motion to dismiss and motion to strike class allegations in response to the Second Amended Complaint, and Plaintiffs intend to oppose those motions. In light of the changes to Plaintiffs' case represented in the Second Amended Complaint, the Parties agree to mutually stay outstanding discovery obligations until the Court has disposed of Defendants' anticipated pleadings motions and Defendants file an answer to the operative

---

[1] Defendants have advised Plaintiffs that Northrop Grumman Mission Systems is merely a division of Northrop Grumman Guidance and Electronics Company, Inc. and is not a separate legal entity that can be a defendant here.

complaint. Defendants' deadline to file the motions is June 15, 2022, and the motions are expected to be fully briefed by mid-July.

9. The alleged action involves a putative class action asserting complex environmental claims based on complicated theories of environmental contamination migration in connection with contamination that allegedly originated decades ago and has also been subject to cleanup under government orders for decades. Plaintiffs seek class certification for both property damage and medical monitoring.

10. The parties exchanged initial written discovery requests in January 2022 keyed to the First Amended Complaint and have been engaged in responding to that discovery pursuant to a Court-entered protective order and an order regarding production of electronically stored information. Document productions are underway and have been, and are expected to be, extensive.

11. Revised written discovery requests, or alternate agreement among the parties to limit the scope of discovery to the operative complaint, will be prudent to remove issues that were dismissed by the Court's May 18, 2022 order (such as the nuisance and trespass claims, as well as any issues that may be dismissed, or modified, following any order on Defendants' motions). It will be inefficient for the Parties to exchange revised written discovery requests, much less respond to them, until Defendants' motions have been resolved. That discovery is critical to the parties' expert designations (Plaintiffs' designations are currently due October 3, 2022) and class certification briefing.

12. This is particularly true in light of the anticipated substantial burdens of discovery, and the parties' mutual fact discovery alone will be burdensome (setting aside expert matters). Among other things, Defendants' remedial efforts at the subject site date back decades and involve numerous third party consultants. Third party document collection, review, and production will be cost- and labor- intensive, and the ultimate documents relevant to the parties' claims and defenses will be entirely dependent on Plaintiffs' theories of liability that survive. Other fact discovery

3

required prior to any expert designations will likely require party depositions and property inspections (with environmental sampling).

13. Moreover, Plaintiffs' Second Amended Complaint contains two alternate theories of negligence premised on failure to warn (dating back 18 years) and negligent implementation of a Consent Decree. Defendants' motion to dismiss will request dismissal of both theories on several different grounds. Defendants also intend to renew their previously mooted motion to strike, and, if the Court were to grant all or a portion of that anticipated motion, should it be reached, that could further limit the scope of the complaint and therefore discovery. Therefore, until the going-forward theories of liability are confirmed, the Parties will spend time and labor on discovery for issues that may not survive, which risks performing unnecessary or duplicative discovery, and may also require judicial resources to address any discovery disputes that may arise.

14. "A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). The parties offer that it is in the best interests of the parties and judicial economy for the Court to grant a stay of discovery until Defendants' motions are disposed, and the operative complaint is confirmed.

15. When considering a stay, courts typically consider the following factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved." *Emerson v. Lincoln Electric Holdings, Inc*., No. 09-6004-CV-SJ-GAF, 2009 WL 690181, at *1 (W.D. Mo. Mar. 12, 2009) (internal quotations omitted).

16. All three of the factors favor a stay. First, Plaintiffs will not suffer undue prejudice because they consent to this request and the case is in the pleading stages.

17. Second, a stay will lessen the hardship and inequity on the Defendants because the Defendants will avoid the enormous costs of discovery on account of the decades of potentially relevant third party records and the need for a detailed confidentiality and/or privilege review of every document.

4

18.     Finally, the Court will benefit from the preservation of its judicial resources because it will not have to expend its time resolving discovery disputes for parties who are able to reach a resolution.

19.     The Parties jointly and in good faith request that the Court stay all future deadlines in the Scheduling Order (Doc. 26) until the Court has disposed of Defendants' anticipated pleadings motions and Defendants file an answer to the operative complaint.

20.     This Motion is not brought for the purpose of delay and will not prejudice this proceeding or any party to the proceedings.

21.     Within seven days of Defendants filing an answer, the Parties request leave to submit a proposed schedule with new dates for any deadlines in the Scheduling Order that are stayed, with the intent that the entire remaining schedule be extended to approximate the amount of time that remained for each deadline as of the date the Court issued the order granting a stay, or on such terms as the Court deems just.

**WHEREFORE** the Parties respectfully request that the Court stay all future deadlines in the current Scheduling Order, to be revisited as set forth above when Defendants file an answer to the operative complaint.

Dated: June 13, 2022                    Respectfully submitted,

PEIFFER WOLF CARR KANE &
CONWAY
By: /s/ Paul Lesko
Paul Lesko (MO Bar No. 51914)
Brandon M. Wise (MO Bar No. 67242)
818 Lafayette Avenue
Second Floor
St. Louis, MO 63010
Telephone: (314) 833-4826
plesko@peifferwolf.com
bwise@peifferwolf.com

*Attorneys for Plaintiffs* DON YORK,
BEVERLY YORK, JACOB STRADLING,

5

ALISHA YORK-STRADLING, JACK HARVEY and JUDY HARVEY


BRYAN CAVE LEIGHTON PAISNER LLP
By: <u>Randy J. Soriano</u>
Randy J Soriano
Erin L. Brooks
Peter Bay
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
314-259-2384
rjsoriano@bryancave.com
erin.brooks@bclplaw.com
peter.bay@bclplaw.com

and

Robert M. Thompson
1200 Main Street, Suite 3800
Kansas City, MO 64105
(816) 374-3249
Fax: (816) 855-3249
rmthompson@bclplaw.com

and

Patrick W. Dennis (*pro hac vice*)
pdennis@gibsondunn.com
Christopher Chorba (*pro hac vice*)
cchorba@gibsondunn.com
Abbey Hudson (*pro hac vice*)
ahudson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Defendants* NORTHROP GRUMMAN CORPORATION GUIDANCE AND ELECTRONICS COMPANY, INC. and NORTHROP GRUMMAN CORPORATION

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of June 2022, a true and correct copy of the foregoing document was filed with the Clerk of Court via CM/ECF and served on counsel for Defendants through the Notice of Electronic Filing.

By: */s/ Randy J. Soriano*